UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS [ECF 25]

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). ECF 25. The Court read and considered the moving, opposing, and reply papers, and held a hearing on this matter. ECF 42. For the reasons stated herein, the Court **GRANTS** the Motion.

I.  **BACKGROUND**[1]

Plaintiff Stacey M. Madrigal brings this putative class action against Defendants Kaiser Foundation Health Plan, Inc. ("KFHP"); Southern California Permanente Medical Group ("SCPMG"); Kaiser Permanente Administrative Committee ("Administrative Committee"); and Does 1–10 (collectively, "Defendants" or "Kaiser")[2] for violations of the Employment Retirement Income Security Act ("ERISA"). ECF 15. At all times relevant to this action,

---

[1] When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See* Fed. R. Civ. Proc. 12(b)(6). As such, the factual background is described herein as alleged in Plaintiff's First Amended Complaint ("FAC"). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court also considers the subject ERISA plan, which Defendants attached to their Motion and which the Court now incorporates by reference. ECF 25-2 ("Plan"); *see In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (explaining that courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions") (cleaned up).

[2] Although the Defendants are separate entities, Plaintiff pleads that all Defendants are "part of the Kaiser" family of companies, and that they acted in concert with one another. *See* FAC ¶¶ 7–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

Plaintiff participated in a Kaiser Permanente 401K Retirement Plan (the "Plan"): "a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34) [that] is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a)." ECF 15 at 3. The Plan is held in a trust and "is funded by a combination of employee/participant contributions (usually paid through wage withholdings) and employer contributions, which are deposited into the Plan's trust fund." *Id.* at 4. Plaintiff alleges that "Defendants each exercised discretionary authority and/or control over the management and/or distribution of the Plan, and are fiduciaries of the Plan, including pursuant to 29 U.S.C. § 1002(21)(A)." *Id.* ¶ 11.

Plaintiff alleges Defendants violated ERISA by misusing the contributions she paid into the Plan, arguing that "as part of a wrongful pattern and practice, Defendants have wrongfully and consistently used forfeited nonvested plan assets for [their] own benefit, to reduce future employer contributions, rather than for the benefit of Plan participants." *Id.* at 5. Put differently, Plaintiff argues that Defendants' prioritizing the use of Plan assets to reduce *employer* contributions instead of to reduce *participant* contributions harms Plan participants by "reducing Plan assets, not allocating forfeited funds to participants' accounts, and/or by causing participants to incur expenses that could otherwise have been covered in whole or in part by forfeited funds." *Id.* Based on these allegations, Plaintiff brings the following claims: (1) breach of fiduciary duty under 29 U.S.C. § 1104(a)(1); (2) breach of ERISA's anti-inurement provision under 29 U.S.C. § 1103(c)(1); (3) breach of ERISA's prohibited transactions under 29 U.S.C. § 1106; and (4) failure to monitor fiduciaries.

On June 20, 2024, Plaintiff initiated this action. ECF 1. On July 11, 2024, Plaintiff filed the operative FAC. ECF 15. On September 9, 2024, Defendants filed the instant Motion to dismiss the case. ECF 25. On October 18, 2024, Plaintiff opposed the Motion and filed a Request for Judicial Notice in support of their Opposition. ECF 31, 32. On November 15, 2024, Plaintiff replied to Defendants' Opposition. ECF 37. On December 5, 2024, the Court held a hearing on the Motion and took the matter under submission. ECF 42.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

"state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. REQUEST FOR JUDICIAL NOTICE

Plaintiff requests that the Court take judicial notice of the Annual Return/Report for 2022 of the Employe Benefit Plan, Form 5500 ("5500 Form"). *See* ECF 32. Defendants do not oppose the Request for Judicial Notice. A court generally cannot consider materials outside the pleadings on a Rule 12(b)(6) motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record are generally considered to fall within the ambit of Federal Rule of Evidence 201(b). *See Lee*, 250 F.3d at 689. Accordingly, the Court takes judicial notice of the 5500 Form, because it is a public record whose accuracy cannot reasonably be questioned. *See id.*, Fed. R. Evid. 201(b). Plaintiff's Request for Judicial Notice is therefore **GRANTED**.[3]

## IV. DISCUSSION

### A. Fiduciary Claims (Claims 1 and 4)

Defendants move to dismiss Plaintiff's claims that Defendants violated ERISA by 1) breaching their fiduciary duties and 2) failing to monitor one another as fiduciaries.

#### 1. Breach of Fiduciary Duty (Claim 1)

##### a) *Against Defendants KFHP and SCPMG*

ERISA provides that "a person is a fiduciary with respect to a plan to the extent (i) he

---

[3] While the Court takes judicial notice of the existence of the Form 5500, the Court does not take judicial notice of the underlying truth of any factual assertions therein. *See Zee v. City of San Gabriel*, No. 2:21-CV-06167-CBM-(GJSX), 2024 WL 4002851, at *3 (C.D. Cal. July 11, 2024) (citing *Lee*, 250 F.3d at 690).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." ECF 31 at 10 (quoting 29 U.S.C. § 1002(21)(A)).

Here, Plaintiff alleges that all Defendants are fiduciaries and "exercised discretionary authority and/or control over the management and/or distribution of the Plan." FAC ¶ 11. However, Plaintiff also alleges that Defendants created the Administrative Committee so as to "delegate[] the authority to direct the trustee with respect to crediting and distributing Plan assets." FAC ¶ 9. The FAC does not elaborate as to how much (if any) authority Defendants KFHP and SCMGP retained over the crediting and distributing of Plan assets given the creation and purpose of the Administrative Committee.

Defendants argue that because Plaintiff does not provide "any plausible allegations that either KFHP or SCPMG acted as a fiduciary with respect to the use of forfeitures, Plaintiff's breach of fiduciary duty claims against KFHP and SCPMG must be dismissed . . . ." ECF 25 at 16. By failing to respond to this argument as it pertains to SCPMG in its Opposition, Plaintiff in effect concedes that SCPMG is not a fiduciary of the Plan. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (explaining that a party's failure to respond to an argument in its opposition filing amounts to that party's waiver of the argument). However, Plaintiff maintains that KFHP is a fiduciary because the contractual text of the Plan itself supports that conclusion. ECF 31 at 10 (citing Plan at 10, 13, 48–49).

The Court disagrees with Plaintiff's characterization of the Plan's language as it pertains to KFHP's role. Although the Plan states that KFHP may "in its sole discretion" pay for expenses such as "expenses incident to the administration of the Plan and the functions carried out by each Committee, including, but not limited to, fees of actuaries, accountants, counsel, and other specialists, and other costs of administering the Plan and investing the Trust," the language of the Plan does not imbue KFHP with the power to allocate the Plan's assets. ECF 25-2 at 91. This power to allocate assets, which is central to the basis of Plaintiff's claims, appears to be restricted to the Administrative Committee (as is logical, given that Plaintiff admits the Defendants created the Administrative Committee for exactly this purpose). *See* FAC ¶ 9. Although the Plan makes clear that KFHP had some control over the administration of the Plan, KFHP's status as an administrator is not enough to support Plaintiff's claims. *See Acosta v. Brain*, 910 F.3d 502 (9th Cir. 2018) (explaining that ERISA "does not describe fiduciaries simply as administrators of the plan . . . . Instead, it defines an administrator, for example, as a fiduciary only to the extent that he acts in such a capacity in relation to the plan.") (citing *Pegram v. Herdrich*, 530 U.S. 211, 225–26 (2000)) (internal quotations omitted). Because Plaintiff has not plausibly alleged that KFHP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

acted as a fiduciary of the Plan under ERISA, the Court agrees with Defendants that Plaintiff has not plausibly alleged that KFHP caused the injury alleged in this action.

Accordingly, the Motion to Dismiss Plaintiff's First Claim for Breach of Fiduciary Duty is **GRANTED** as to both SCPMG and KFHP.

### b) *Against Defendant Administrative Committee*

"An ERISA fiduciary must discharge its duties 'solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries; and defraying reasonable expenses of administering the plan.'" *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025–26 (2021) (quoting 29 U.S.C. § 1104(a)(1)(A)). Under ERISA, a fiduciary is required to use "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). "To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; and (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford*, 944 F.3d at 1026.

It is undisputed that the Administrative Committee, which managed the assets Plan participants paid into the Plan, acted as a fiduciary of the Plan. *See* FAC ¶ 9, ECF 25 at 16. Furthermore, courts addressing similar actions have routinely found that allocating assets forfeited into ERISA plans amounts to a fiduciary function. *See, e.g.*, *Hutchins v. HP Inc.*, No. 23-CV-05875-BLF, 2024 WL 3049456, at *5 (N.D. Cal. June 17, 2024) (*Hutchins I*);[4] *Rodriguez v. Intuit Inc.*, No. 23-CV-05053-PCP, 2024 WL 3755367, at *5 (N.D. Cal. Aug. 12, 2024); *McManus v. Clorox Co.*, No. 4:23-CV-05325-YGR, 2024 WL 4944363 (N.D. Cal. Nov. 1, 2024). The first prong for a breach of fiduciary duty claim under *Bafford* is therefore satisfied.

The Court next addresses whether the Administrative Committee breached (1) its duty of loyalty and prudence or (2) its duty to follow the text of the Plan. Regarding loyalty, ERISA requires that fiduciaries act "solely in the interest of the participants and beneficiaries," and "for

---

[4] The court in *Hutchins I* granted defendant's motion to dismiss plaintiff's complaint, but plaintiff subsequently filed an amended complaint, which defendant once again moved to dismiss. *See Hutchins v. HP Inc.*, No. 5:23-CV-05875-BLF, --- F. Supp. 3d ---, 2025 WL 404594 (N.D. Cal. Feb. 5, 2025) ("*Hutchins II*"). Because this Order cites to the district court's order dismissing both the original complaint and the amended complaint, the Court utilizes the monikers *Hutchins I* and *Hutchins II* to distinguish between these two orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1). Regarding prudence, fiduciaries are required to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Finally, regarding the duty to conform with the benefits plan at issue, ERISA requires a fiduciary to act "in accordance with the documents and instruments governing the plan."[5] 29 U.S.C. § 1104(a)(1)(D). Whether a fiduciary breached its duty is a "context specific" inquiry dependent on the particular factual circumstances at issue. *Fifth Third Bankcorp v. Dudenhoeffer*, 573 U.S. 409, 421 (2014).

Plaintiff's interpretation of a fiduciary's duty under ERISA is relatively novel and marks a significant departure from previously well-settled law. *See Hutchins I*, 737 F. Supp. 3d at 858–59 (finding that although plaintiff Hutchins' claims, which are virtually identical to the claims at issue here, are not *foreclosed* by settled law, they are exceedingly implausible when considered in light of governing U.S. Treasury regulations). However, the Court finds the following Ninth Circuit and Supreme Court cases, which addressed several related issues, instructive in deciding this Motion.

For example, in *Wright v. Oregon Metallurgical Corporation*, the Ninth Circuit held that "[t]he duty to act in accordance with the plan document does not . . . require a fiduciary to resolve every issue of interpretation in favor of plan beneficiaries. . . . [because] ERISA does not create an exclusive duty to maximize pecuniary benefits." 360 F.3d 1090, 1100 (9th Cir. 2004) (citing *Collins v. Pension & Ins. Comm. of So. Cal. Rock Prods. & Ready Mixed Concrete Ass'ns*, 144 F.3d 1279, 1282 (9th Cir.1998)). The Ninth Circuit explained that "ERISA does no more than protect the benefits which are due to an employee under a plan." *Id.* (cleaned up). Therefore, an employer provides the benefits due to an employee under the plan if it "complie[s] with the Plan's lawful terms and [is] under no legal obligation to deviate from those terms." *Id*.

Ruling in a similar case where the plaintiff sought equitable relief beyond the contractual terms of his ERISA plan, the Supreme Court determined that because ERISA's purpose is to protect "contractually defined benefits" and to assure reliance on the "written plan documents," claims that rely on the premise that ERISA plan participants are actually entitled to benefits that go beyond those explicitly laid out and contractually promised in the subject plan are doomed to fail. *U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) (cleaned up). The Court

---

[5] However, if a plan conflicts with ERISA, ERISA controls. *See Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

explained:

> That limitation reflects ERISA's principal function: to "protect contractually defined benefits." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148 (1985). The statutory scheme, we have often noted, "is built around reliance on the face of written plan documents." *Curtiss–Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995). "Every employee benefit plan shall be established and maintained pursuant to a written instrument," § 1102(a)(1), and an administrator must act "in accordance with the documents and instruments governing the plan" insofar as they accord with the statute, § 1104(a)(1)(D). The plan, in short, is at the center of ERISA.

*Id.* at 100–01.

Applying this binding precedent, district courts addressing similar breach of fiduciary duty claims have unsurprisingly concluded that these claims must fail. *See, e.g., Hutchins v. HP Inc.*, No. 5:23-CV-05875-BLF, --- F. Supp. 3d ---, 2025 WL 404594, at *5 (N.D. Cal. Feb. 5, 2025) ("*Hutchins II*") (explaining "ERISA does not create an exclusive duty to maximize pecuniary benefits to individual plan participants. Instead, the fiduciary duty is fulfilled where the fiduciary ensures that participants have received their promised benefits.") (cleaned up); *McManus*, 2024 WL 4944363, at *4 ("Plaintiff's broad assertion, here, that it is necessarily a fiduciary breach to use participant money to pay administrative costs instead of forfeited amounts, is therefore inconsistent with the Supreme Court's context specific approach to evaluating fiduciary duties.").

Here, as Defendants point out, there are no allegations in the FAC that Plaintiff failed to receive any benefits that she was contractually owed. Therefore, Plaintiff fails to adequately allege the second *Bafford* prong: Plaintiff has not shown that the defendant breached a fiduciary duty. Because Plaintiff's failure to establish a valid breach dooms the claim in its entirety, the Court does not reach the third prong requiring the Plaintiff to establish the breach caused damages.

Accordingly, the motion to dismiss Plaintiff's first claim for breach of fiduciary duty is **GRANTED** as to the Administrative Committee.

### 2. Failure to Monitor Fiduciaries (Claim 4)

In a situation where multiple fiduciaries are administering an ERISA plan, the statute requires that those fiduciaries monitor one another to ensure each of them is adequately performing their responsibilities. *See* ERISA § 405(a)(1)–(3), 29 U.S.C. § 1105(a)(1)–(3). Because the Court finds that the Administrative Committee is the only fiduciary under the Plan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

and did not breach its duties under ERISA, the fiduciary responsibility to monitor does not apply. Accordingly, Defendants' Motion to Dismiss the fourth claim for failure to monitor fiduciaries is **GRANTED** as to all Defendants.

### B. Anti-Inurement Claim (Claim 2)

The Court next addresses Plaintiff's anti-inurement claim. Under ERISA's anti-inurement rule, "the assets of a pension plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to the participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). Supreme Court precedent dictates that the anti-inurement inquiry "focuses exclusively on whether fund assets were used to pay . . . benefits to plan participants, without distinguishing . . . between assets that make up a plan's surplus as opposed to those needed to fund the plan's benefits." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 442–45 (1999) (holding that incidental benefits to the employer did not constitute a breach of the anti-inurement provision); *see also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 22 (2004) (holding that § 1103(c)(1) "demands only that plan assets be held for supplying benefits to plan participants").

Here, Plaintiff argues that "[b]y using the Plan assets for [their] own benefit, to reduce [their] own future employer contributions to the Plan, thereby saving [themselves] millions of dollars in contribution costs, Defendants caused the assets of the Plan to inure to the benefit of the employer in violation of 29 U.S.C. § 1103(c)(1)." FAC ¶ 45. However, Plaintiff does *not* allege that any of the forfeited assets at issue ever left the Plan. *See* ECF 37 at 13–14. Plaintiff's failure to allege that any assets left the Plan is sufficient to foreclose her claim.

Applying Supreme Court precedent, multiple courts throughout the country have recently concluded that the anti-inurement provision does not apply in similar contexts. *See, e.g.*, *Hutchins II*, 2025 WL 404594; *Barragan v. Honeywell Int'l Inc.*, No. 24CV4529 (EP) (JRA), 2024 WL 5165330, at *6 (D.N.J. Dec. 19, 2024) ("As these forfeited amounts do not leave the Plan and are used to satisfy Honeywell's obligations according to the Plan's language, the Court finds Honeywell is not acting in violation of the anti-inurement provision."); *see also Maez v. Mountain States Tel. & Tel.*, Inc., 54 F.3d 1488, 1506 (10th Cir. 1995) (finding that a plaintiff failed to state a claim under the anti-inurement provision where "no such reversion, diversion, or any other sort of payment of surplus assets . . . is alleged"); *Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*, 953 F.2d 587, 592 n.6 (11th Cir. 1992) ("The [anti-inurement provision] can only be violated if there has been a removal of plan assets for the benefit of the plan sponsor or anyone other than the plan participants."); *Holliday v. Xerox Corp.*, 732 F.2d 548, 551 (6th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

1984) ("[The anti-inurement provision] cannot be read as a prohibition against any decisions of an employer with respect to a pension plan which have the obvious primary purpose and effect of benefitting the employees, and in addition the incidental side effect of being prudent from the employer's economic perspective."). In deciding this case, the Court finds no reason to depart from the weight of this authority.

Accordingly, Defendants' Motion to Dismiss Plaintiff's second claim for anti-inurement under ERISA is **GRANTED** as to all Defendants.

### C. ERISA Prohibited Transactions (Claim 3)

ERISA also contains a provision that specifies several kinds of prohibited transactions. *See* 29 U.S.C. § 1106. The transactions prohibited by this aspect of the statute are common-sense safeguards designed to protect the integrity of the Plan. *See, e.g.*, 29 U.S.C. § 1106(a)(2) (prohibiting a fiduciary from permitting an ERISA plan to hold any non-qualifying employer securities or employer real property to avoid employer capture of the plan). The payment of benefits is not a transaction under § 1106. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 892–93 (1996). In *Spink*, the Supreme Court explained that prohibited transactions under § 1106 "are commercial bargains that present a special risk of plan underfunding . . ." and are prohibited because they would "involve uses of plan assets that are potentially harmful to the plan." *Id.* at 893. In *Wright*, the Ninth Circuit followed the logic the Supreme Court employed in *Spink*. 360 F.3d at 1101 (9th Cir. 2004). In evaluating that plaintiff's prohibited transactions claim, the Ninth Circuit found the following:

> Plaintiffs fail to identify any transaction that falls within § 1106(a)(1) or (b). They have pointed to nothing akin to a "sale, exchange, or leasing of property, . . . [or] the lending of money or extension of credit," all commercial bargains defined by the Supreme Court in *Lockheed* as falling under § 1106. (Citation omitted). [Because defendants'] action] was merely a lawful decision to remain in full compliance with the explicit language of the Plan's terms. . . , [p]laintiffs therefore fail to state a claim for violation of § 1106 based on the Plan fiduciaries' decision to adhere to the Plan's terms.

*Id.*

Here, the same logic applies. Plaintiff makes the same argument as the plaintiffs in *Spink* and *Wright* (as well as the same argument it made in furtherance of its anti-inurement claim): that Defendants violated the prohibited transactions provision by manipulating Plan assets to prioritize employer contributions over the interests of Plan participants. FAC ¶ 50. Once again, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

argument fails because Plaintiff fails to identify a transaction that falls under the scope of the prohibited transactions rule. Because the reallocation of assets within the Plan is not enough to trigger § 1106, Plaintiff has failed to state a claim for relief.

Accordingly, Defendants' Motion to Dismiss Plaintiff's prohibited transactions claim is **GRANTED** as to all Defendants.

### D.  Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that once the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In general, "[t]he court should freely give leave to amend when justice so requires." *Id.* At base, "leave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2013)). Here, the Court finds that granting leave to amend would not be futile. Accordingly, Plaintiff is **GRANTED LEAVE TO AMEND** the pleading, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations. Any amended complaint shall be filed within **21 days** of the date of this Order.[6]

Failure to file an amended complaint by the deadline shall result in dismissal. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (collecting cases); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (observing that when plaintiff fails to amend a complaint after the district judge dismisses the complaint with leave to amend, the dismissal is "typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim").

//

//

//

//

---

[6] If Plaintiff amends her complaint, she must attach to the amended complaint a redline copy reflecting all additions and deletions of material from the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05191-MRA-JC | Date | May 2, 2025 |
|---|---|---|---|
| Title | Stacey M. Madrigal v. Kaiser Foundation Health Plan, Inc. et al. | | |

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's FAC is **GRANTED** with leave to amend.

**IT IS SO ORDERED.**

                                                          \_\_ : \_\_

Initials of Deputy Clerk    gga